UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

STEVEN GORELIK,

**MEMORANDUM & ORDER**

1:08-cv-0059 (NGG) (RER)

Plaintiff,

-against-

UNITED STATES OF AMERICA,
UNITED STATES ARMY,
AND ERIC L. BRENNEN,


Defendants.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Steven Gorelik ("Plaintiff" or "Gorelik") commenced this action under the

Federal Tort Claims Act ("FTCA") seeking two million dollars in damages for personal injuries

and property damage allegedly resulting from a collision on March 1, 2006 between a

government vehicle driven by U.S. Army serviceman Eric L. Brennen and Plaintiff. (See Docket

#1, Complaint.) Defendants United States of America, the Department of the Army, and Eric L.

Brennen ("Defendants") have moved to dismiss the complaint for lack of subject matter

jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that Plaintiff failed to

exhaust administrative remedies. (See Docket #10, Def. Mot. at 10-15.)[1] Plaintiff concedes that

his complaint is barred by virtue of his failure to properly present a conforming administrative

claim within the two-year period imposed by the Federal Tort Claims Act. (See Docket #14, Pl.

Opp. at 1); see 28 U.S.C. §§ 2401(b), 2675(a). On July 9, 2008, Plaintiff filed a SF 95

---

[1] Defendants also argue that Plaintiff's failure to include a sum certain in the ineffective administrative demands he did attempt to file constitutes an independent basis for dismissal. (Def. Mot. at 15-17, citing State Farm Mut. Ins. Co. v. United States, 326 F. Supp. 2d 407, 412 (E.D.N.Y. 2004).) As Plaintiff concedes he did not appropriately pursue an administrative remedy prior to the commencement of this suit, the court need not reach this question.

1

administrative claim in an attempt to ameliorate this error. (Pl. Opp. at 20.) The parties agree, however, that an FTCA action may not be maintained where an administrative claim is filed only after the commencement of suit and the administrative exhaustion process on that late-filed claim has yet to be completed. See McNeill v. United States, 508 U.S. 106, 107 (1993). The sole remaining dispute is whether the action should be dismissed with prejudice in its entirety.

Plaintiff contends that dismissal without prejudice is appropriate to allow for the possibility that he may pursue an administrative remedy and commence a new action upon exhaustion of the administrative process. While Plaintiff acknowledges that on its face, his July 9, 2008 administrative claim is barred by the statute of limitations, which expired on March 1, 2008, he argues that he may be able to plead equitable tolling of the limitations period. (Pl. Opp. at 1.) Defendants concede that "at least some district courts have considered, and on occasion, accepted, the availability of equitable tolling in cases arising under the FTCA." (Docket #15, Def. Reply at 3); see, e.g., Hyatt v. United States, 968 F. Supp. 96, 101-02 (E.D.N.Y. 1997) (applying equitable tolling to FTCA claim); see also Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990) (holding that the "same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States"); Valdez ex rel. Donely v. United States, 518 F.3d 173, 182-83 (2d Cir. 2008) (remanding FTCA case to the district court to consider possibility of equitable tolling). Defendants urge the court to nonetheless dismiss this case with prejudice, because they claim that the arguments Plaintiff indicates he will raise in a future complaint would not provide a basis to toll the limitations period as a matter of law. (Id.) Essentially, Defendants are requesting that this court render an advisory opinion on the validity of arguments to be offered in a hypothetical complaint. The court declines to so exceed its authority. See Keene Corp. v. United States, 508 U.S. 200, 217

2

n.13 (1993) (refusing to address whether limitations period would be tolled to permit a new action upon dismissal of claims). Further, the court will not prematurely foreclose the possibility that other arguments may be available to Plaintiff to reinstate his claims. At this time, the court cannot find that Plaintiff's claims against the United States are irrevocably barred. See, e.g., Snoussi v. Bivona, No. 05 CV 3133(RJD)(LB), 2008 WL 3992157 at *2, *4 (E.D.N.Y. Aug. 22, 2008) (dismissing any FTCA claims without prejudice where administrative remedies were not first exhausted, despite conclusion that the limitations period expired on February 3, 2006).

To the extent Plaintiff seeks to maintain claims against Defendants Department of the Army and Eric L. Brennen, those claims are dismissed with prejudice because the United States is the sole proper defendant to a claim brought under the FTCA. See 28 U.S.C. § 2679(a) and (d)(1); see Rivera v. United States, 928 F.2d 592, 608-609 (2d Cir. 1991) (United States is the proper party in an FTCA suit where the individual employee acted within the scope of his employment); (Compl. ¶ 8 ("at all times hereinafter mentioned, defendant Eric L. Brennan [sic] . . . was acting within the scope of his office and/or employment")); see also C.P. Chemical Co., Inc. v. United States, 810 F.2d 34, 37 n.1 (2d Cir. 1987) (federal agency is not a proper party defendant in a FTCA suit). Plaintiff does not appear to contest dismissal on these grounds.

Accordingly, Defendants' motion is GRANTED and the complaint is dismissed without prejudice as to Defendant United States of America. Plaintiff's claims against Defendants Department of the Army and Eric L. Brennen are dismissed with prejudice.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
October 30, 2008

NICHOLAS G. GARAUFIS
United States District Judge

3